UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA

          Plaintiff,

      - against-

INTERNATIONAL LONGSHOREMEN'S
    ASSOCIATION, AFL-CIO,
JOHN BOWERS, President,
ROBERT E. GLEASON, Secretary-Treasurer,
ALBERT CERNADAS, Executive Vice-President,
BENNY HOLLAND, JR., General Vice-President,
GERALD OWENS, General Organizer,
HAROLD J. DAGGETT, Assistant General Organizer,
HORACE T. ALSTON, Vice-President,
JORGE L. APONTE FIGUEROA, Vice-President,
CHAUNCEY J. BAKER, Vice-President,
JOHN D. BAKER, Vice-President,
JOHN BOWERS, JR., Vice-President,
EDWARD L. BROWN, SR., Vice-President,
TIMOTHY BROWN, Vice-President,
JAMES A. CAMPBELL, Vice-President,
RONALD CAPRI, Vice-President,
CHARLES CHILLEMI, Vice-President,
ARTHUR COFFEY, Vice-President,
RAYMOND DESGAGNES, Vice-President,
MICHAEL DICKENS, Vice-President,
CLYDE FITZGERALD, Vice-President,
PERRY C. HARVEY, Vice-President,
STEPHEN KNOTT, Vice-President,
JOHN H. MACKEY, Vice-President,
JAMES T. MCCLELAND, JR., Vice-President,
WILLIAM R. MCNAMARA, Vice-President,
JAMES H. PAYLOR, JR., Vice-President,
LOUIS PERNICE, Vice-President,
KENNETH RILEY, Vice-President,
RAYMOND SIERRA, Vice-President,
HARRISON TYLER, Vice-President,
REUBEN WHEATLEY, Vice-President,
PETER GOTTI,
ANTHONY CICCONE, a/k/a "Sonny,"

(RH 1341)
(KN 6601)

CONSENT JUDGMENT
AND DECREE

Civil Action No.
CV-05- 3212

(Glasser, J.)
(Pohorelsky, M.J.)

JEROME BRANCATO, a/k/a "Jerry,"
JAMES CASHIN,
THE MANAGEMENT - INTERNATIONAL
        LONGSHOREMEN'S ASSOCIATION
        MANAGED HEALTH CARE TRUST FUND,
THE BOARD OF TRUSTEES OF THE MANAGEMENT -
        INTERNATIONAL LONGSHOREMEN'S
        ASSOCIATION HEALTH CARE TRUST FUND,
THE METROPOLITAN MARINE MAINTENANCE
        CONTRACTORS' ASSOCIATION,
THE METRO-ILA FRINGE BENEFIT FUND,
THE BOARD OF TRUSTEES OF THE METRO-ILA
        FRINGE BENEFIT FUND,
THE METRO-ILA PENSION FUND,
THE BOARD OF TRUSTEES OF THE METRO-ILA
        PENSION FUND,
THE METRO-ILA INDIVIDUAL ACCOUNT
        RETIREMENT FUND,
THE BOARD OF TRUSTEES OF THE METRO-ILA
        INDIVIDUAL ACCOUNT RETIREMENT FUND,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        WHEREAS, Plaintiff United States of America commenced this action pursuant

to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq., by the

filing of the Complaint annexed hereto as Exhibit 1; and

        WHEREAS, the United States and Defendant ALBERT CERNADAS

("CERNADAS") wish to enter into a settlement with respect to this action; and

        WHEREAS, in connection with the criminal action United States v. Coffey, et al.,

No. 04 Cr. 651 (E.D.N.Y.) (ILG) (the "Related Criminal Case"), CERNADAS has entered into a

plea agreement; and

        WHEREAS, CERNADAS has read this Consent Judgment and Decree and has

2

consulted with counsel regarding its terms.

IT IS HEREBY STIPULATED, ORDERED, ADJUDGED AND DECREED as follows:

I.    JURISDICTION

1.    This Court has jurisdiction over this action pursuant 18 U.S.C. § 1964(a).

2.    For purposes of the enforcement of this Consent Judgment and Decree, CERNADAS consents to this Court's exercise of jurisdiction. In order to aid and protect the jurisdiction of this Court, any claim, action, application or other proceeding concerning any provision of this Consent Judgment and Decree, shall be brought before, or removed, to this Court; and

3.    This Court shall retain exclusive jurisdiction to supervise implementation of this Consent Judgment and Decree and shall have exclusive jurisdiction to decide any and all issues arising under this Consent Judgment and Decree.

II.    DEFINITIONS

As used in this Consent Judgment and Decree:

1.    "La Cosa Nostra" or "LCN" has the meaning set forth in the Complaint in this action.

2.    "Waterfront Enterprise" refers to the Enterprise identified in the Complaint in this action and has the meaning set forth in the Complaint, including any amendments thereto.

3.    "Labor organization(s)" has the meaning set forth in 29 U.S.C. § 402 (i) and (j).

4.    "The International Longshoremen's Association" or "ILA" refers to the International Longshoremen's Association, AFL-CIO and its subordinate labor organizations.

3

5.     "Employee welfare benefit plan" and "employee pension benefit plan" have the meanings set forth in Sections 3(1) and 3(2) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1002(1) and 1002(1).

6.     "Position of trust" has the meaning set forth in 29 U.S.C. § 501.

## III.    RESIGNATION FROM ILA AND ILA-AFFILIATED FUNDS

1.     CERNADAS agrees to resign from any position of trust he holds with the ILA and from membership in the ILA. He shall tender his resignation(s) by or before the Effective Date of this Consent Judgment and Decree.

2.     CERNADAS agrees to resign from the board of trustees or from any other office or position he holds with any ILA-affiliated employee pension benefit plan or employee welfare benefit plan. He shall tender his resignation(s) by or before the Effective Date of this Consent Judgment and Decree.

## IV.    INJUNCTION AGAINST CERTAIN ACTIVITIES

1.     Pursuant to 18 U.S.C. § 1964(a), CERNADAS is permanently enjoined from engaging in conduct which constitutes or furthers an act of racketeering activity, as enumerated or defined in 18 U.S.C. § 1961(1).

2.     Pursuant to 18 U.S.C. § 1964(a), CERNADAS is permanently enjoined from knowingly associating, directly or indirectly, with any member or associate of any criminal group, including any LCN family, or any persons associated with or otherwise in active concert or participation with any criminal group, including any LCN family; and from knowingly permitting any LCN member or associate, or member or associate of any other criminal group, or person barred from participating in any labor organization or employee pension benefit plan or

4

employee welfare benefit plan as defined herein, to exercise any control or influence, directly or indirectly, in any way or degree, in the conduct of the affairs of the ILA. Nothing in this Consent Judgment and Decree shall preclude CERNADAS from meeting or communicating with a relative by blood or marriage solely for social purposes.

3.      Pursuant to 18 U.S.C. § 1964(a), CERNADAS is permanently enjoined from participating in any way in the affairs of, investing in or acquiring an interest in, or otherwise having any dealings with, directly or indirectly, the Waterfront Enterprise or any entity that is part of the Waterfront Enterprise.

4.      Pursuant to 18 U.S.C. § 1964(a), CERNADAS is permanently enjoined from: (a) participating in any way in the affairs of the ILA, including, but not limited to (i) holding any position of trust in the ILA, (ii) having membership in the ILA, (iii) being employed by the ILA, or acting as an ILA agent, representative, consultant or service provider, and (iv) attending any event sponsored by or for the ILA; (b) having any dealings, directly or indirectly, with the ILA, including, but not limited to, employment by, or acting as an agent, representative, consultant or service provider for, any person or entity that does business with the ILA; and (c) having any dealings, directly or indirectly, with any officer, employee, agent, or representative of the ILA relating to the affairs of the ILA.

5.      Pursuant to 18 U.S.C. § 1964(a), CERNADAS is permanently enjoined from: (a) participating in any way in the affairs of any labor organization, including, but not limited to (i) holding any position of trust in any labor organization, (ii) having membership in any labor organization, and (iii) being employed by any labor organization, or acting as an agent, representative, consultant or service provider for any labor organization; (b) having any dealings,

5

directly or indirectly, with any labor organization, including, but not limited to, employment by, or acting as an agent, representative, consultant or service provider for, any person or entity that does business with a labor organization; and (c) having any dealings, directly or indirectly, with any officer, employee, agent, or representative of any labor organization relating to the affairs of the labor organization.

6.      Pursuant to 18 U.S.C. § 1964(a), CERNADAS is permanently enjoined from: (a) participating in any way in the administration or management of any ILA-affiliated employee pension benefit or employee welfare benefit plan including, but not limited to, being employed by any ILA-affiliated employee pension benefit or employee welfare benefit plan, or acting as an agent, representative, consultant or service provider for any ILA-affiliated employee pension benefit or employee welfare benefit plan; (b) having any dealings, directly or indirectly, with any ILA-affiliated employee pension benefit or employee welfare benefit plan including, but not limited to, being employed by or acting as an agent or representative, consultant or service provider for any person or entity that does business with any ILA-affiliated employee pension benefit or employee welfare benefit plan; and (c) from having any dealings, directly or indirectly, with any trustee, officer, administrator, employee, fiduciary, agent, representative, consultant or service provider of any ILA-affiliated employee pension benefit plan or employee welfare benefit plan relating to the affairs of the plan.

7.      Pursuant to 18 U.S.C. § 1964(a), CERNADAS is permanently enjoined from: (a) participating in any way in the administration or management of any employee pension benefit or employee welfare benefit plan including, but not limited to, being employed by any employee pension benefit or employee welfare benefit plan, or acting as an agent, representative, consultant

or service provider for any employee pension benefit or employee welfare benefit plan; (b) having any dealings, directly or indirectly, with any employee pension benefit or employee welfare benefit plan including, but not limited to, being employed by or acting as an agent or representative, consultant or service provider for any person or entity that does business with any employee pension benefit or employee welfare benefit plan; and (c) from having any dealings, directly or indirectly, with any trustee, officer, administrator, employee, fiduciary, agent, representative, consultant or service provider of any employee pension benefit plan or employee welfare benefit plan relating to the affairs of the plan.

8.    Pursuant to 18 U.S.C. § 1964(a), CERNADAS is permanently enjoined from obstructing or otherwise interfering, directly or indirectly, with the efforts of anyone effectuating, or attempting to effectuate, the terms of this Consent Judgment and Decree, including any officer appointed by the Court.

9.    Pursuant to 18 U.S.C. § 1964(a), CERNADAS is permanently enjoined from obstructing the implementation of any other relief that may be imposed by the Court.

V.    DIVESTITURE

1.    By or before the date of sentencing in the Related Criminal Case, CERNADAS shall inform the Office of the United States Attorney for the Eastern District of New York, in writing and under penalty of perjury in a form to be provided by the United States, of any and all legal or beneficial interests, direct and indirect, including but not limited to, any ownership, partnership, landlord/tenant, employment, managerial, and/or financial interest, that he has or may have in any business or entity related to, or connected with, the Waterfront Enterprise.

7

2. Within thirty (30) days of sentencing in the Related Criminal Case,

CERNADAS shall divest himself of any and all legal or beneficial interests, direct and indirect, including but not limited to, any ownership, partnership, landlord/tenant, employment, managerial, and/or financial interest, that he has or may have in any business or entity related to, or connected with, the Waterfront Enterprise. CERNADAS shall provide proof of divestiture in writing, under penalty of perjury, to the United States within thirty (30) days of sentencing in the Related Criminal Case. Nothing in this Consent Judgment and Decree requires divestiture of a vested pension benefit in an employee pension benefit plan or an annuity subject to Section 206 of ERISA, 29 U.S.C. § 1056.

VI.   WAIVER OF DEFENSES AND LIABILITY FOR NON-COMPLIANCE

1. CERNADAS hereby waives any and all defenses to the allegations set forth in the Complaint in this action, including, but not limited to, defenses based upon or asserting double jeopardy, statute of limitations or laches, or excessive fines.

2. CERNADAS shall be liable for such fines, penalties or other relief as the Court deems appropriate in a proceeding brought either sua sponte, or by the United States, for any failure to comply with any terms of this Consent Judgment and Decree.

VII.  ADDITIONAL PROVISIONS

1. This Consent Judgment and Decree contains the entire agreement between the parties with respect to the subject matter herein. The parties acknowledge that there are no understandings relating to the settlement other than those expressly contained in this Consent Judgment and Decree.

2. Nothing in this Consent Judgment and Decree shall preclude the United

8

States from seeking to enforce the terms of this Consent Judgment and Decree, including seeking

clarification, modification or amendment of the terms of this Consent Judgment and Decree as

may be necessary and appropriate to implement the intent of this Consent Judgment and Decree.

3.      For purposes of construction, this Consent Judgment and Decree shall be

deemed to have been drafted by all parties and shall not, therefore, be construed against any party

in any subsequent dispute.

4.      If any provision of this Consent Judgment and Decree is hereafter

determined to be invalid for any reason, the balance of the Consent Decree shall remain in full

force and effect.

5.      The undersigned signatories represent that they are fully authorized to

enter into the terms and conditions of this Consent Judgment Decree and to execute and legally

bind to this document the party that he or she represents.

6.      The provisions of this Consent Judgment and Decree shall be effective fourteen

(14) days from the filing of the executed Consent Judgment and Decree in the District Court (the

"Effective Date").

Dated: Brooklyn, New York
       September /4 , 2005

                                         ROSLYNN R. MAUSKOPF
                                         United States Attorney
                                         Eastern District of New York
                                         One Pierrepont Plaza, 14th Fl.
                                         Brooklyn, New York 11201

                              By:    _____

                                         RICHARD K. HAYES
                                         KATHLEEN A. NANDAN
                                         Assistant U.S. Attorneys
                                         (718) 254-7000

9

Agreed and consented to:

_(signature)_

ALBERT CERNADAS
Defendant


ARSENEAULT, FASSETT & MARIANO,
    LLP
Attorneys for Defendant Albert Cernadas
500 Main Street
Chatham, New Jersey 07928

By:    _(signature)_
    Steven G. Sanders, Esq. (SS 2023)
    (973) 635-0855


SO ORDERED:
On this _15_ day of September, 2005

_(redacted)_

HONORABLE I. LEO GLASSER
United States District Judge

10



**U.S. Department of Justice**


RECEIVED
9/15/05
CHAMBERS OF
I. LEO GLASSER
U. S. D. J.

*United States Attorney*
*Eastern District of New York*

SLR:RKH:vl

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

*Mailing Address:* *147 Pierrepont Street*
*Brooklyn, New York 11201*

September 14, 2005

Honorable I. Leo Glasser
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. International Longshoremen's
> Association, AFL-CIO, et al.,
> <u>CV-05-3212 (Glasser, J.) (Pohorelsky, M.J.)</u>

Dear Judge Glasser:

The United States respectfully encloses for the Court's review and approval a Consent Judgment and Decree entered into by the United States and defendant Albert Cernadas in this action.

Respectfully submitted,

ROSLYNN R. MAUSKOPF
United States Attorney

By:

RICHARD K. HAYES
KATHLEEN A. NANDAN
Assistant U.S. Attorneys
(718) 254-7000

cc: Honorable Viktor V. Pohorelsky

    All Parties