UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                  **ORDER**

   - v -

                                                    CV-05-3212 (ILG)(VVP)

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, AFL-CIO, et al.,

                Defendants.
------------------------------------------------------------x

       By letter dated June 20, 2006, the plaintiff seeks an order compelling the defendant Arthur Coffey to produce various documents responsive to document requests it served on that defendant. Specifically, the plaintiff seeks documents concerning George Barone, a witness now testifying in a deposition *de bene esse*, which the defendant Coffey's counsel has admitted have not been produced. The defendant Coffey has submitted a letter dated June 23, 2006 in response. For the reasons below, the plaintiff's application is granted.

       The plaintiff served interrogatories and document requests on March 24, 2006, and the defendant Coffey responded to those discovery requests on May 9, 2006. Among the requests was a request for "[a]ll documents concerning any of the persons identified in the Amended Complaint s "Co-conspirators not named as Defendants" in this action, Amended Complaint ¶¶ 40-46." Plaintiff's Interrogatories and Document Requests, Mar. 24, 2006, Req. 4 (quoted from Coffey Letter, June 23, 2006). The defendant Coffey's response to the request was,

> Subject to and without waiving any of the General Objections, defendant Coffey states that he intends, in defense of this action, to rely on documents which have been or will be produced to plaintiff by the institutional defendants, documents obtained by plaintiff in response to various administrative subpoenas, documents provided to defendant Coffey by plaintiff on DVD under cover of letters dated February 15, 2006 and April 5, 2006, as well as the "3500 material" and "reverse 3500 material" exchanged by the parties in United States v. Arthur Coffey, et al.

Defendant Arthur Coffey's Responses And Objections To Plaintiff's Interrogatories And Requests For Documents, May 9, 2006, ¶ 2 (quoted from Coffey Letter, June 23, 2006).

Although the defendant's response to request number 4 is hardly a model of clarity, it betrays no lack of understanding about the request and contains no objection to it.  Curiously, it contains no statement whatsoever about production of responsive documents for inspection, and therefore fails to comply with the Federal Rules of Civil Procedure, which requires that responses "state . . . that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Fed. R. Civ. P. 34. To clarify the matter in advance of Barone's deposition, the plaintiff addressed a letter to all of the defendants on June 1, 2006 asking that they advise the plaintiff whether they possessed documents concerning George Barone.  Some of the defendants responded to the letter; Coffey did not.  Instead, during the cross-examination of Barone by Coffey's counsel at the deposition, counsel presented Barone with various documents concerning Barone which had not been produced to the plaintiff, and sought to question him about them.  When questioned about the non-production of the documents, Coffey's counsel admitted that he possessed about one hundred documents concerning Barone that he had not produced, prompting the instant application by the plaintiff.

Coffey does not dispute that the documents he has withheld are responsive to the plaintiff's request.  Rather he seeks to justify the non-production of the documents on various grounds which the court does not find persuasive. First, he argues that the documents he submitted to Barone at the deposition,[1] which consisted of a deed and various financial documents, were covered by one of the general objections he had interposed in his response to the plaintiff's discovery requests.[2]  The argument is disingenuous.  Indeed, it reflects the extent to

---

[1] In his June 23 letter, the defendant's counsel identifies seven documents that he has thus far presented to Barone at the deposition, and addresses all of his arguments to those seven documents.  He does not address the remaining one hundred or so documents which he has not produced.  This decision relates to all of the one hundred or so documents in counsel's possession, as well as any responsive documents in his client's possession.

[2] Among the general objections apparently stated before any of the defendant's responses to specific requests was an objection to all of the requests to the extent that they sought "the production of documents or the disclosure of information available to plaintiff from public sources . . . or readily available to plaintiff."  *See* Coffey Letter, June 23, 2006, at p. 2.

which the defendant's counsel apparently sought to mislead the plaintiff about the matter, because the specific response to Request 4 by Coffey makes no mention that any documents are being withheld from production on the basis of that general objection.  That Coffey's counsel intended to obfuscate the matter is even more clearly demonstrated by his failure to respond to the plaintiff's June 1 letter which sought clarity about whether all documents relating to Barone had been produced.  By this sharp practice, the defendant's counsel prevented the plaintiff from addressing the issue to the court in advance.  Had the plaintiff had the opportunity to do so, this objection would have been overruled and Coffey would have been ordered to produce the documents in advance of the deposition.

The defendant next contends that he had no basis for believing that one of the documents, a deed concerning property, was relevant to the litigation.  This argument is equally disingenuous.  The issue is not whether the deed was relevant to the litigation; the issue is whether it concerned Barone and was therefore requested by the plaintiff.  Obviously the defendant's counsel knew it did concern Barone, because he asked Barone questions about it.

Finally, relying on *In re Grand Jury Subpoenas*, 959 F.2d 1158 (2d Cir. 1992), the defendant contends that the documents were immune from production under the work-product doctrine because disclosure of the documents would have exposed the thought processes of his counsel.  The argument suffers two infirmities.  First, the defendant never mentioned in his response to the plaintiff's discovery requests that he was withholding any documents on this basis.  More importantly, the work-product doctrine does not apply to the documents at issue here because they were not prepared by Coffey's counsel, or someone acting at his direction, for this or any other litigation.  As the court in *In re Grand Jury Subpoenas* observed, "[t]he attorney-work-product doctrine generally does not shield from discovery documents that were not prepared by the attorneys themselves, or their agents, in the course of or in anticipation of litigation." *Id.* at 1166 (citing *United States v. Nobles*, 422 U.S. 225, 238-39 & n. 13 (1975)).

The court in *In re Grand Jury Subpoenas* recognized (but ultimately rejected) only one exception to that general rule: "where a request is made for documents *already in the possession of the requesting party, with the precise goal of learning what the opposing attorney's thinking or strategy may be*, even third-party documents may be protected." *Id.* (emphasis added).  The defendant

cannot claim the protection of that exception. The documents at issue were not already in the possession of the plaintiff, and the plaintiff's request was not made with the precise goal of learning what the defendant's counsel's strategy might be. The plaintiff's request here did not seek to learn what documents the defendant's counsel had culled from a mass of material. It was a general request for all documents concerning Barone. Thus, production of documents responsive to the request would not have revealed their significance, or counsel's thought processes about their relevance.

In his June 23 letter, the defendant Coffey discusses a request for documents that he made to the plaintiff, and the government's production of documents responsive to the request after the commencement of the Barone deposition. He also complains about the government's handling of Barone, and about *Brady* material he contends that the government withheld during a criminal trial. He does not ask the court to take any action with respect to any of those matters, however, and the plaintiff therefore need not respond.

For the foregoing reasons the plaintiff's application is granted. The defendant Coffey is directed to produce, forthwith, all documents in his (or his attorney's) possession, custody or control which are responsive to the plaintiff's requests, including without limitation all documents withheld on the grounds argued in the defendant's June 23 letter.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
June 27, 2006