UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,　　　　　　**ORDER**

   - v -

                                    CV-05-3212 (ILG)(VVP)

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, AFL-CIO, et al.,

                Defendants.
------------------------------------------------------------x

      In accordance with the schedule set by the court for submitting disputed discovery issues for resolution, the plaintiff and various defendants have made letter motions to compel discovery upon which the court rules below.

      A. *Plaintiff's Motion.*

      The plaintiff seeks to compel certain of the defendants – the International Longshoremen's Association ("ILA"), the Management-ILA Managed Health Care Trust Fund ("MILA"), and a group of defendants that include the Metropolitan Marine Maintenance Contractors Association, Inc., the METRO-ILA Funds, and the respective Boards of Trustees of the Funds (collectively the "METRO defendants") – to respond to an interrogatory asking whether they have entered into a joint defense agreement with any other defendant. The defendants have objected on the grounds of relevance and privilege.

      The court is skeptical about the contention that the existence of a joint defense agreement is privileged information. The two cases upon which the defendants rely in support of that proposition do not provide any analysis to support such a conclusion. *See A.I. Credit Corp. v. Providence Washington Insurance Co.*, No. 96 Civ 7955, 1997 WL 231127 (S.D.N.Y. May 7, 1997); *United States v. Bicoastal Corp.*, No. 92-CR-261, 1992 WL 693384 (N.D.N.Y. Sept. 28, 1992). In the latter case, the court denied the government's request for a copy of a joint defense agreement in a criminal case on the ground that disclosure of such a document would unfairly disclose the type of defense the defendants were pursuing and would thus improperly intrude on the preparation of their case. *Bicoastal Corp.*, 1992 WL 693384, at *6. There was no general holding that the existence of such an agreement was privileged. In the former case, the court in

dictum simply pronounced that joint defense agreements were "generally considered privileged," but cited only the latter case as support. *See A.I. Credit Corp.*, 1997 WL 231127, at *4. These two cases thus do not stand for a general rule that information concerning a joint defense agreement is privileged. Nevertheless, both cases, as well as the cases on which the plaintiff relies – *United States v. Hsia*, 81 F. Supp. 2d 7 (D.D.C. 2000) and *United States v. Stepney*, 246 F. Supp. 2d 1069 (N.D. Cal. 2003) – recognize that information concerning joint defense agreements is sensitive, and that disclosure of such information should not be lightly ordered. Put another way, the relevance of the information should be well-established before compelling its disclosure.

The plaintiff has not offered any theory that the existence of a joint defense agreement is relevant to any claim or defense in the case. Rather, their argument for disclosure rests on the fact that all of the above defendants (except MILA) have generally asserted privilege as one of several grounds for objecting to another interrogatory which seeks information about communications between defendants.[1] In declining to answer that interrogatory, the defendants are not specific about which privilege – attorney-client, work-product, or some "other applicable privilege or doctrine" – they are asserting. Ordinarily, defendants are required to be specific about the privilege they are asserting, and are required to provide some details about the allegedly privileged communication or information to enable other parties to weigh whether the privilege is being properly asserted. *See* Local Civil Rule 26.2. Indeed, where information is withheld on the basis of a privilege, the party asserting the privilege has the burden of proving the applicability of the privilege. *E.g., United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2nd Cir. 1996). Thus, were it not for the other objections raised to the interrogatory seeking information about communications among defendants, the court would require the defendants to provide supplemental responses to the interrogatory providing the information required by Local Civil Rule 26.2, including specificity about whether a joint defense privilege was being asserted.

---

[1] It appears that an interrogatory concerning communications with other defendants was not served on MILA.

The other objections lodged by the defendants to the interrogatory concerning communications with other defendants include undue burden and the more efficient availability of the information through depositions. The court agrees that information about communications between defendants concerning the subject matter of the action is best explored through depositions rather than interrogatories, and the court therefore declines to order supplemental responses to the interrogatory. During depositions, however, if any defendant – including members, officers, directors, employees, etc. – asserts a privilege with respect to any such communication, the specific privilege will have to be identified and the other information required by the Local Civil Rules will have to be provided. The extent of the information that defendants will be required to disclose concerning the terms of joint defense agreements, if any, will await the assertion of such a privilege.

      B. *Defendants' Motions*.

The ILA, MILA, and the METRO defendants have each made motions to compel the plaintiff to provide discovery. All challenge the plaintiff's contention that certain categories of information need not be included on the plaintiff's privilege log. ILA and MILA seek to compel the plaintiff to provide information relating to the remedy it seeks, i.e., the appointment of a monitor. ILA seeks information concerning contacts between the plaintiff and dissident members of the union. Finally, the METRO defendants seek an order requiring the plaintiff to search for records responsive to their requests in a variety of agencies without any temporal limitation.

      *1. The privilege log*. The plaintiff seeks to exempt the following categories of documents from itemization on its privilege log: (a) drafts of documents, including letters, the complaint, the amended complaint, and other internal Department of Justice documents; (b) correspondence, including e-mail, letters, and memoranda, regarding this litigation exchanged within the Department of Justice; and (c) attorney notes, including notes of witness interviews. The plaintiff likens the Department of Justice to a law firm, and contends that itemization of the above categories of documents would not be required in a law firm setting and therefore should not be required of it. The court agrees. The above categories of documents, to the extent they are prepared by Department of Justice personnel in connection with the instant litigation, need

not be separately itemized on the plaintiff's privilege log unless they were transmitted to persons outside the Department of Justice.

*2. Information concerning remedy.* ILA and MILA seek the following categories of documents concerning the remedy sought here: analyses of the impact of the relief, analyses of ILA programs devoted to protecting its members' rights under state and federal labor laws, all documents relating to other monitors imposed on ILA locals, communications by the plaintiff concerning appointment or a monitor, documents concerning the qualifications the plaintiff seeks for a monitor, and documents concerning the costs incurred in connection with court-appointed monitors in various district courts in this area.

The court rules on these various categories of information as follows: As to analyses prepared by Department of Justice personnel for this litigation without assistance from any other agency, those documents are covered by the work-product doctrine and by virtue of the ruling above need not be identified on a privilege log. As to analyses prepared by or with the assistance of others, including other government agencies for purposes of this litigation, such documents are covered by the work-product doctrine and perhaps the deliberative process privilege, but must be identified on a privilege log.[2] As to documents concerning monitors imposed on other ILA locals or other labor unions in the three federal districts identified in MILA's requests, the defendants are entitled to obtain documents sufficient to describe the nature of the duties performed by the monitors and the costs incurred as a result of the monitors. The parties should endeavor to reach agreement concerning the scope of the production; disputes about the sufficiency of the production may be submitted to the court once production is made. Documents concerning the plaintiff's communications with possible monitors is subject to the work-product doctrine and need not be disclosed. Disclosure of Information concerning the standards, qualifications and identities of monitors the government may propose is premature. The defendants may seek such information at the close of discovery by service of appropriate contention interrogatories.

---

[2] Once identified, such information might be subject to disclosure at an appropriate time upon a showing that it is unavailable without undue hardship by other means. *See* Fed. R. Civ. P. 26(b)(3).

*3. Dissidents.*  The ILA has not advanced any argument concerning the relevance of contacts between dissidents and the government, and the court fails to see any.  To the extent that dissidents are witnesses whom the plaintiff may call at trial, their identities must of course be disclosed.  Otherwise, however, disclosure of the identities of, and the nature of the contacts with, dissidents does not appear to be reasonably calculated to lead to evidence admissible at trial and carries a pronounced risk of mischief.  Accordingly, the plaintiff need not produce any such information.

*4. Documents Concerning the METRO Defendants.*  In their Request No. 56, the METRO defendants seek essentially every document in the possession of the Department of Labor ("DOL"), the DOL's Inspector General, and the Employee Benefits Security Administration which relate to any of the METRO Defendants or any of their officers, directors, employees and trustees without regard to when the documents were prepared or what they concern.  The plaintiff argues that without a narrowing of the requests, the search that would be required to locate and review responsive documents going back as far as 40 years, many of which would be privileged in any event, would be burdensome.  The court agrees.  The request as presently drafted is not limited by subject matter or by time, and therefore does not seek documents reasonably calculated to lead to admissible evidence.  The motion to compel production of documents responsive to that request is thus denied.

As to Request No. 57, the plaintiff states that it will produce all requested documents and action by the court therefore appears to be unnecessary.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
July 18, 2006