UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                          Plaintiff,

        - v -

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, et al.,

                         Defendants.
------------------------------------------------------------------x

**ORDER**

CV-05-3212 (ILG)(VVP)

      By letter dated August 22, 2007, the plaintiff has moved for leave to conduct the deposition *de bene esse* of defendant John Bowers, the former President of the International Longshoremen's Association (the "ILA") on the ground that there is a significant risk that he will be unavailable for trial given his advanced age of 83 years. The plaintiff's application follows closely on the heels of an Order entered on August 1, 2007 by Judge Glasser which reinstated the stay of deposition discovery previously imposed by this court, but then lifted in May of this year. The plaintiff has seized on one qualification in Judge Glasser's Order which left the plaintiff "free to request the right to take depositions *de bene esse* of any witnesses about whom it can demonstrate a good-faith need for expedited discovery in light of age, health, fading memory, or any other sufficiently compelling circumstance." Order, Aug. 1, 2007, at 8. The application has been opposed by Bowers, by the ILA and by the Management-ILA Managed Health Trust Fund and its Board of Trustees.

      The defendant Bowers argues that his advanced age alone is an insufficient basis for granting the plaintiff's application. Judge Glasser's Order, however, seems to imply the contrary since it lists age in the disjunctive as one of the "sufficiently compelling" circumstances that would justify a *de bene esse* deposition. And in *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3rd

Cir. 1967), the court of appeals found that age alone was indeed sufficient justification to order the deposition *de bene esse* of a 71-year old witness, overturning the district court's ruling to the contrary as an abuse of discretion worthy of mandamus. Similarly, in *Penn Mutual Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995), the court found the witness' age alone a sufficiently compelling circumstance that required remand for the district court to consider whether a deposition to perpetuate testimony should be permitted pursuant to Rule 27 of the Federal Rules of Civil Procedure.

Nevertheless, the court declines to grant the plaintiff's application at this point. The plaintiff asserts that if Bowers were to become unavailable, evidence essential to the plaintiff's case would be lost and the plaintiff would be prejudiced. Pl. Letter, Aug. 22, 2007, at 2. The plaintiff provides no clue, however, what evidence would be lost and what prejudice would be suffered. The plaintiff cites only to the deposition *de bene esse* of George Barone, who testified in conclusory fashion that Bowers was an associate of the Genovese family. Barone apparently provided no details, however, concerning what Bowers did to assist the Genovese family or otherwise promote the racketeering enterprise alleged in the complaint, and admitted that he himself had met Bowers on only two occasions, one of which was fleeting and unrelated to business. There is therefore little to guide the court concerning the aspects of the plaintiff's case about which Bowers might have essential evidence to provide, and whether there are other sources for that evidence. Moreover, Bowers has already given testimony under oath concerning his leadership of the ILA before the Waterfront Commission, and therefore presumably has provided information about his role in the activities of the ILA, including his role in the two racketeering acts with which he is charged in the indictment. Judge Glasser's Order staying

discovery was based on the considerable expense that would be incurred, much of it to the detriment of the real victims of the wrongs alleged by the plaintiff, expense that would be avoided if the motions to dismiss were granted.  Without a greater showing of need and prejudice, the court is reluctant to put the parties to that expense.

Accordingly, the plaintiff's motion is denied, but without prejudice to renewal upon a sufficiently detailed showing of need and prejudice.  Similarly, any argument in opposition to a renewed motion which seeks to rest on the vigor and good health of the defendant Bowers should be supported by more than an attorney's statement.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
      September 24, 2007